THE STATE OF NEBRASKA, EX. REL. ADOLPH RIESCHICK, v. T. C. CUNNINGHAM.

Attachment: PROCEEDINGS IN ERROR: MANDAMUS. Where an attachment is dissolved the court may fix a time, not exceeding twenty days, in which to file a petition in error in the reviewing court and to give the undertaking required by the statute, during which time the attached property shall be held by the officer having possession of the same.    If no undertaking is given within the required period, the officer must deliver the property to the party entitled to the same, and if he· refuse to do so he may be compelled by mandamus

Original application for mandamus.

*Clarence Gillespie,* for relator.

*Schoenheit & Thomas,* for respondent.

MAXWELL, CH. J.

The relator makes application to this court for a peremptory writ of mandamus, alleging that he is the head of a family, a resident of this state, and actually engaged in the business of agriculture; that he has neither lands, town lots, nor houses subject to exemption as a homestead under the laws of the state; that one Burchardt commenced a suit by attachment against him in the district court of Richardson county, under which proceedings the sum of $386 was paid to the clerk of said court; that afterwards said attachment was dissolved, although a judgment was rendered against the relator for the amount of the debt; that while the action was pending in the district court, the relator filed an inventory therein of the whole of the personal property owned by him, and that thereupon the sheriff of said county caused said property to be appraised as required by law, and that the whole value of said property was appraised at less than $500; that the debt for which said property was taken was not incurred for clerks', laborers', or mechanics' wages, nor for money due and owing by an attorney at law for money or other valuable consideration received by said attorney for any person or persons; that the clerk refused to pay the money received by him under the proceedings in attachment to the relator.

An alternative writ of mandamus was allowed, to which the respondent, who is clerk of the district court, answered, that at the time of the dissolution of the attachment on the 24th day of June, 1879, the court made an order to which the attorney for the relator assented, requiring the clerk to hold the money in question for thirty days, when, if the proceedings in the

attachment were not taken to the supreme court for review, the money was to be paid to the relator; that on or about the 18th day of July, 1879, said cause was docketed in the supreme court, and was still pending and undetermined. It also appears that no undertaking was filed by the plaintiff in error. The act approved February 17, 1873, "to provide for the retention of attached property pending a review on error of an order discharging the attachment," provides: "That when an order discharging an order of attachment is made, and any party affected thereby shall except thereto, the court or judge shall fix the number of days, not to exceed twenty, in which such party may file a petition in error, during which time the property attached shall be held by the sheriff or other officer." The party filing the petition in error, "shall give an undertaking to the adverse party, with surety or sureties, to be approved by the court, in double the amount of the appraised value of the property attached, conditioned to pay such adverse party all damages sustained by such party in consequence of the filing of such petition in error, in the event that said order of attachment shall be discharged by the court as having been unlawfully obtained." Gen. Stat., 715. Under this statute, when an attachment is discharged the court may direct the officer holding the property to retain the same for a period not exceeding twenty days without an undertaking. If the adverse party desire the retention of the property for a longer period, he must file his petition in error and the undertaking required by law. Failing to do so, the officer must surrender the property to the party entitled to the same.

The defendant therefore had no authority to retain the money in question, and a peremptory writ is awarded.

JUDGMENT ACCORDINGLY.