REVERSED AND REMANDED.

THE other judges concur.

CHARLES H. WILSON, PLAINTIFF IN ERROR, V. WILLIAM A. SHEPHERD, DEFENDANT IN ERROR.

1. **Final Order.** An order overruling a motion to discharge an attachment is not a final order, as it is subject to review up to the time judgment is rendered.

2. **Attachment.** A defendant may give the undertaking required by section 206 of the code, for the delivery of the attached property, and afterwards move to discharge the attachment.

ERROR to the district court for Antelope county. Tried below before TIFFANY, J.

The petition filed in the cause there is as follows:

1. The plaintiff complains of the defendant for that on or about the first day of December, A.D. 1880, plaintiff and defendant entered into a copartnership for the purpose of engaging in buying and selling the plows and wagons manufactured by the Pekin Plow Co., T. H. Smith & Co., and the Aultman & Taylor Thresher, said business to be carried on under the firm name and style of Shepherd & Wilson, and said partnership to continue for the period of one

year, or during the year 1881, and to be conducted at the village of Oakdale, in said county; and the said parties to share equally the profits of said business.

2. That according to the terms of said copartnership the said defendant was to have charge of the buying of the goods manufactured by said firms, and to purchase no goods except from said firms.

3. That contrary to the terms of said copartnership the said defendant, without the knowledge or consent of the plaintiff, ordered from divers and sundry firms and manufacturing companies different goods, machinery, and implements, and gave in settlement of such purchases certain promissory notes, signing said firm name thereto, of which facts plaintiff had no knowledge at the time said notes were executed, nor in some cases till the maturity of such notes.

4. That about the first day of January, A.D. 1882, plaintiff learning of the indebtedness so contracted in said firm name, suggested to the defendant a dissolution of said copartnership, which was agreed to by defendant, with the contract and agreement by and between said parties that defendant should take all notes belonging to said firm, as well as all goods and effects of every nature and description of said firm, and assume and pay out of the proceeds of the collection of said notes and the sale of said goods all indebtedness of said firm.

5. That in compliance with the terms of said contract plaintiff surrendered to defendant all property and effects of said firm, and defendant has disposed of all such property except the sum of about $425, and fraudulently converted said property and effects to his own use with intent to defraud this plaintiff, and utterly failed to pay or provide for the payment of the indebtedness of said firm; that defendant is now insolvent, and payment cannot be enforced against him.

6. That the total amount of the indebtedness of said firm equals now the sum of $1,222.11, in excess of all as-

sets or effects of said firm accounted for by defendant, which amount plaintiff is now required to pay or allow judgment to be taken against him for said amount, and accordingly plaintiff has secured a portion of said indebtedness from his own private property, to-wit: the sum of $560. The plaintiff therefore asks judgment against defendant for said sum of $1,222.11 and costs of suit.

*S. D. Thornton* and *W. M. Robertson,* for plaintiff in error.

*D. A. Holmes,* for defendant in error.

MAXWELL, J.

The defendant in error commenced an action against the plaintiff, in the district court of Antelope county, to recover the sum of $1,222.11, and caused an order of attachment to be issued and levied upon certain property of the plaintiff in error, who afterwards filed a motion to discharge the attachment, which was overruled. The case is not yet determined in the district court, and the sole question for consideration is the order overruling the motion to discharge the attachment.

The code provides that in case of an order discharging an attachment, and any party affected thereby shall except thereto, the court or judge shall fix the number of days, not exceeding twenty, in which such party may file his petition in error, during which time the attached property shall be held by the sheriff, the plaintiff in error to give an undertaking in double the appraised value of the property, conditioned to pay the adverse party all damages which he may sustain in case the order discharging the attachment shall be affirmed. Civil Code, § 236*e*, Comp. Stat., 561.

An order discharging an attachment is a final order, because the attached property is released and the plaintiff may thereby be deprived of a substantial right. *Turpin v.*

4

*Coates,* 12 Neb., 321, as a dissolution discharges the lien of the attachment. *Watson v. Sullivan,* 5 Ohio State, 43. But where the court overrules the motion—in effect holds that the showing made by the defendant is not sufficient to entitle him to a dissolution, the order is not final. It is still subject to review by the court up to the time of rendering final judgment.

The owner of the attached property may have the same released at any time by giving the undertaking required by section 206 of the code, and the giving of such undertaking will not preclude him from afterwards moving to discharge the attachment. *Hilton v. Ross,* 9 Neb., 406. Some objection is made to the form of the action as being upon a guaranty, but we are of the opinion that an attachment will lie upon the facts stated in the petition.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.