AMOS WHITELEY, PLAINTIFF IN ERROR, V. ED. F. DAVIS, DEFENDANT IN ERROR.

Final Order. An order overruling a motion to vacate an order of arrest is not a final order, and cannot be reversed on error until after judgment.

ERROR to the district court for Richardson county. Tried below before MITCHELL, J., sitting for BROADY, J.

*Frank Martin*, for plaintiff in error.

*E. W. Thomas* and *A. Schoenheit*, for defendant in error.

REESE, J.

This was a civil action commenced in the county court of Richardson county. Some time after the commencement of the action plaintiff filed an affidavit to procure the arrest of defendant. · The order of arrest was issued and defendant was taken into custody. Afterwards he applied to the court to vacate the order of arrest. On a hearing the motion to vacate was overruled. Defendant then took error to the district court, and on a hearing there, upon the record which was before the county court, the decision of that court was reversed and defendant discharged. Plaintiff brings error to this court.

The record shows affirmatively that at the time of the institution of the proceedings in error by which the cause was removed to the district court from the county court, no final judgment or order had been rendered in the cause. It appears that on the 14th day of May, 1885, the motion to vacate the order of arrest was overruled by the county court. The cause was continued to the June term of said court. On the 26th day of the same month, and before the term of the county court to which the cause was adjourned, the proceedings in error were instituted in the district court.

We can see no difference in principle between this case and that of *Wilson v. Shepherd,* 15 Neb., 15. In that cause it was held that an order overruling a motion to discharge an attachment was not a final order. If not, it is not subject to review by proceedings in error until after judgment. The same reasoning adopted in that case is applicable to this. In writing the opinion of the court, Judge MAXWELL says: "But where the court overrules the motion—in effect holds that the showing made by the defendant is not sufficient to entitle him to a dissolution—the order is not final. It is still subject to review by the court up to the time of rendering the final judgment.

"The owner of the attached property may have the same released at any time by giving the undertaking required by section 206 of the code, and the giving of such undertaking will not prevent him from afterwards moving to discharge the attachment." Citing *Hilton v. Ross,* 9 Neb., 406.

The undertaking provided for by section 206 is to the effect that the attached property or its appraised value in money shall be forthcoming to answer the judgment.

Section 16 of chapter 20, Compiled Statutes, provides that when the amount sued for exceeds the jurisdiction of a justice of the peace the proceedings shall be the same, as near as may be, as in the district court.

Section 164 of the civil code, provides that bail may be given by a defendant who has been arrested at any time before judgment. The condition of the undertaking must be that if judgment be rendered against him he will render himself amenable to the process of the court. For aught that appears by the record, this undertaking may have been given by the defendant after the order complained of and before judgment. Again, it may be that upon the final trial of the cause, judgment was rendered in favor of defendant upon the merits of the cause. If so, that of itself would require a vacation of the order of arrest, and there would be nothing for this court to review upon the application of defendant. The order complained of not being a final order, the district court had no jurisdiction to review it. Neither has this court any authority so to do.

The proceedings in error in this court and to the district court must be dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.