## A. D. ROOT ET AL. V. STATE BANK.

[FILED NOVEMBER 18, 1890.]

1. **Final Order: OVERRULING MOTION TO DISCHARGE ATTACHMENT IS NOT.** An order overruling a motion to discharge an attachment is not a final order and cannot be reviewed prior to the rendition of final judgment.

2. **Proceedings in error,** *held,* to be prematurely brought and are dismissed.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

*Dawes & Foss,* for plaintiffs in error.

*M. H. Fleming,* and *Hastings & McGintie, contra,* cited, to the contention that the order was not reviewable: *Wilson v. Shepherd,* 15 Neb., 15; *Seidentopf v. Annabil,* 6 Id., 524; Drake, Attachment, sec. 419; *Talbot v. Pierce,* 14 B. Mon. [Ky.], 195.

MAXWELL, J.

The allegations in the case are substantially as follows: A. D. Root & Co. were indebted to the State Bank of Crete, in the sum of $3,000 upon a promissory note due September 29, 1889, which note was signed by A. D. Root & Co., Benjamin Root, and A. D. Root. Benjamin Root was indebted to the State Bank in the sum of $2,900, which note was due August 24, 1889. This note was signed by A. D. Root as surety. On the 14th day of November the State Bank caused an order of attachment to be issued against the said parties, attaching their drug store at Crete, and also attaching some property which had been the individual property of Benjamin Root, and which he had conveyed by deed, in the month of June, 1889, to his

wife, Susie Root; also attaching one piece of property which he had bought and given to his wife, having had the deed made directly to her more than two and a half years previous to the issuing of said attachment.

The affidavit for attachment is in the usual form: "That the defendants have assigned and disposed of a part of their property with intent to defraud their creditors, and that the defendants are about to convert a part of their property into money for the purpose of placing it beyond the reach of their creditors, and that they have property which they conceal."

The defendants deny every allegation that is made in the affidavit for attachment; admit that Benjamin Root owned block 46, in Crete; that he conveyed it to his wife; admit that A. D. Root & Co. did own five acres of land which is near Crete, and they conveyed this five acres to the wife of Benjamin Root, or, in other words, Benjamin Root gave this land to his wife; admit that lots 5 and 6, in block —, were given to Susie Root by her husband, Benjamin Root, in April, 1887, as a birthday present, the deed being made direct from the party of whom Benjamin Root bought the property at that time to his wife, and never has been changed since, and at which time the firm of A. D. Root & Co., Benjamin Root, or A. D. Root owed the State Bank nothing whatever. They set forth that these transfers were made in good faith, with no intent to defraud their creditors, and they allege the further fact that at the time the said attachment was issued the said Benjamin Root had property of the value of $13,355, and that he owed $7,709, and had a balance, after paying his creditors, of $5,646 ; that the firm of A. D. Root & Co. were possessed of property to the value of $12,023.67, that they owed $4,774.12, and had a balance of assets of $7,249.55; that they were worth on the day the attachment was made $12,895.55 over and above liabilities, which property could have been reached, and was liable to

satisfaction of any judgment under execution which might be issued against them; that at the time the attachment was issued A. D. Root & Co. owed the State Bank the sum of $3,000, and, being engaged in a general drug business, they also owed various firms with whom they did business an amount of $1,774.12, which amount has all been paid by the said A. D. Root & Co. since that time, and had been paid at the time that the motion to dissolve was made.

A motion to dissolve the attachment was made in the court below and overruled, and from that order the cause was brought into this court by a petition in error. No final judgment, so far as appears, has been rendered in the case. The action, so far as the record discloses, is still pending and undetermined. This being the case, the overruling of the motion to discharge the attachment cannot be reviewed. It is not a final order, as it simply continues the lien of attachment in force and is subject to further review up to the time of rendering judgment.

The question here presented was before this court in *Wilson v. Shepherd*, 15 Neb., 15, and it was held that overruling a motion to discharge an attachment was not subject to review up to the time judgment was rendered. The question was carefully considered in that case and the decision we believe is right. The proceeding in error in this court, therefore, is premature and will be

DISMISSED.

THE other judges concur.