C. P. JEWETT v. C. E. OSBORNE.

[FILED SEPTEMBER 22, 1891.]

1. **Bill of Exceptions:** FAILURE OF JUDGE TO SIGN. Excuses for the failure of the judge, before whom a cause was tried, to sign a bill of exceptions which is not signed, cannot be considered as a reason for sustaining the bill.

2. ———: ———. A bill of exceptions must be authenticated in

Jewett v. Osborne.

some of the modes provided by law to authorize a reviewing court to act upon it. If a judge refuses to settle and sign a a bill duly presented to him for that purpose, the court, in a proper case, will compel action on his part and endeavor, as far as possible, to save the rights of the parties, but it cannot give credence to an unsigned bill.

3. Petitions set out in the opinion, liberally construed, state a cause of action, and after verdict will be sustained.

ERROR to the district court for Keya Paha county. Tried below before KINKAID, J.

*H. M. Uttley,* for plaintiff in error.

*A. J. Burnham, contra.*

MAXWELL, J.

This action was brought in the district court of Keya Paha county by the defendant in error against the plaintiff, in error to recover damages caused by the destruction of certain property by fire.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $161.23, and a motion for a new trial having been overruled, judgment was entered on the verdict. The cause was tried on the 6th day of June, 1889, and the motion for a new trial overruled and judgment on the verdict rendered on the 22d of that month.

On the 21st of November, 1889, application was made to Judge Kinkaid, before whom the case was tried, to settle and sign a bill of exceptions, and he made the following statement on the proposed bill :

"This cause coming on for hearing on the application of defendant and to settle a bill of exceptions in this case, and the objections of plaintiff thereto, I find, on the facts herein and of record, defendant is not entitled to have a bill of exceptions settled in this case and his application is therefore refused, to which defendant excepts.

"Nov. 21, 1887.        M. P. KINKAID, *Judge.*"

The plaintiff in error, notwithstanding the refusal of the judge to settle and sign the proposed bill, filed the same in the office of the clerk of the district court, and it is now before us.

A motion is now made by the defendant in error to strike the alleged bill from the files because the same is not signed by the judge—in other words, is not authenticated. The motion must be sustained. The statute authorizes the clerk of the district court to sign the bill when the parties agree that it is correct, and consent in writing that he may sign the same. Otherwise the judge before whom the cause was tried must settle and sign the bill. If he refuses to settle and sign the same, the law has provided a remedy to compel action. That must be done by a direct proceeding. In a collateral inquiry this court cannot enter into an inquiry as to the reasons which would justify the judge in refusing to affix his signature to the bill.

The bill not being signed, the motion must be sustained.

It is alleged that the petition on which the case was tried is defective and fails to state a cause of action. The petition is as follows:

"First—That plaintiff has the right of possession, and was, on the 8th day of April, A. D. 1887, in the possession, of the following described land, to-wit: The E. $\frac{1}{2}$ N. E. $\frac{1}{4}$, and the S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$, and the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, all of sec. 10, town 32, range 20, Keya Paha county, Nebraska, by reason of a United States homestead filing.

"Second—That on the 8th day of April, 1887, the defendant, Charles P. Jewett, did operate and run a saw-mill near the land above described; that the said mill was run by power furnished and supplied by a steam boiler, the steam in said boiler being generated by a fire built and furnished with wood.

"Third—That the said boiler was negligently furnished by defendant with a poor and defective screen, and that the

Jewett v. Osborne.

smoke-stack of said boiler was negligently screened and operated in an improper and defective manner.

"Fourth—That the defendant run and fired the said boiler in an improper, careless, and defective manner, thereby endangering and destroying property.

"Fifth—That on the 8th day of April, 1887, by reason of the negligence herein set forth, plaintiff herein was damaged and injured by reason of defendant negligently allowing sparks of fire escaping from the boiler herein mentioned, and setting on fire the grass in the immediate vicinity of said boiler, and that the fire thus caused did overrun the property and premises of the plaintiff herein described, and did burn, destroy, and injure property and timber of plaintiff, situate and being upon the land herein described, to the amount of $379." An itemized statement of the property and goods of plaintiff so destroyed is hereto annexed, marked 'Exhibit A' and made a part of this petition.

Exhibit A is as follows:

| | |
|---|---:|
| 2 hogs, wt. 200 lbs. each | $15 00 |
| 2 shoats | 5 00 |
| 50 bu. corn | 30 00 |
| 300 ft. lumber | 10 00 |
| 1 cow shed | 10 00 |
| 1 stable | 15 00 |
| 1 corn crib | 10 00 |
| 1 hog pen | 5 00 |
| 1 doz. chickens | 2 00 |
| Timber burnt and killed | 277 00 |
| | $379 00 |

The answer to this is a general denial. Upon these issues the cause was tried and so far as we know no objections were made to the introduction of the evidence.

After the rendition of the judgment objections were made to the sufficiency of the petition, which were sustained, and leave given to file a new petition, which is as follows:

" First—That plaintiff has the right of possession, and was, on the 8th day of April, A. D. 1887, in possession, of the following described land, to-wit: The E. ½ of the N. E. ¼, and S. W. ¼ of the N. E. ¼, and the N. E. ¼ of the S. E. ¼, all of section 10, township 32, range 20, Keya Paha county, Nebraska, by reason of a United States homestead filing and held by plaintiff in compliance of the laws of the United States.

" Second—That on the 8th day of April, 1887, the defendant Chas. P. Jewett did operate and run a saw-mill near the land above described; that said mill was run and operated by power furnished and supplied by a steam boiler, the steam in said boiler being generated by a fire built and furnished with wood.

" Third—That the said boiler was negligently furnished by defendant with a poor and defective screen over the smoke-stack of said engine and boiler, and that the smoke-stack of said boiler was negligently screened and operated in a careless and improper and defective manner by negligently allowing the screen over said smoke-stack to remain open.

" Fourth—That the defendant run and fired the said boiler in an improper, careless, and defective manner, thereby negligently endangering and destroying property.

" Fifth—That on the 8th day of April, 1887, by reason of the negligence herein set forth and complained of by the plaintiff on the part of the defendant, the plaintiff herein was damaged and injured by reason of defendant negligently allowing sparks of fire to escape from the boiler and smoke-stack herein mentioned and setting on fire the grass in the immediate vicinity of said boiler and smoke-stack, and that the fire thus caused did overrun the property and premises of plaintiff herein described, and did burn, destroy, and injure property and timber of plaintiff, situated and being upon the land herein described, to the amount of $379. An itemized statement of the property

and goods of plaintiff so destroyed is hereto annexed and marked ' Exhibit A' and made a part of this petition."

In our view these petitions are sufficient to sustain a verdict for loss of property by fire from negligence of the defendant below. The petitions are not models by any means, but, liberally construed, they do in effect allege that the defendant below negligently and carelessly permitted his steam engine to cast out fire therefrom, into the combustible material adjoining said mill and set fire thereto, which spread onto and over the plaintiff's land, and burned up and destroyed the property named of the plaintiff. The statement of the plaintiff's interest in the property is not as full as it should have been, but the remedy for that defect is by motion, and it is impossible for us to say what, if any, damages were allowed for the alleged destruction of particular items.

Upon the whole case it is apparent that there is no error in the record, and the judgment is

AFFIRMED.

THE other judges concur.