R. L. McDONALD ET AL. v. E. R. BOWMAN, SHERIFF.

[FILED JUNE 30, 1892.]

Attachment: REPLEVIN.  On the 27th of January, 1890, one T. executed a chattel mortgage to M. upon his stock of "dry goods, notions," etc., and the book accounts, to secure the payment of the sum of $1,453.47.  On the 30th of the same month M. executed a mortgage to the S. Co. upon his stock of flour, etc., to secure the sum of $85.75.  On the next day two suits of attachment were brought against T., which were levied upon a part of the goods mortgaged, whereupon the mortgagees brought replevin against the sheriff and reclaimed the goods.  On the trial of the cause the jury returned a verdict in favor of the sheriff for $405.47, and found the value of the goods in possession of the mortgagees to be $1,700, and of the book accounts $489.  It appeared also that the mortgagees were in possession, selling the goods at private sale.  *Held,* That if it was conceded that the mortgagees' lien was superior to that of the attaching creditors, which we do not decide, still, there is sufficient to pay all the liens, and without a showing of prejudice to the mortgagees the judgment would not be reversed.

ERROR to the district court for Jefferson county.  Tried below before BROADY, J.

*Letton & Hinshaw,* for plaintiff in error.

*Hazlett & Le Hane, Charles O. Bates,* and *Hambel & Heasty, contra.*

MAXWELL, CH. J.

On the 27th of January, 1891, A. W. Tester, of the village of Gladstone, being engaged in the mercantile business in the village of Gladstone, executed a chattel mortgage to R. L. McDonald " upon all my goods, notions and furnishing goods, boots and shoes and rubber goods, groceries, tobacco, and all book accounts now due said A. W. Tester, amounting to $489," etc., to secure the payment of the sum of $1,453.47. On the 30th of that month Tester executed a chattel mortgage to the Symes Grocer Company upon "all the stock of groceries and flour" in his store, to secure the payment of the sum of $85.93. On the 31st of that month an action by attachment was brought against Tester by the Lycoming Rubber Company to recover the sum of $95.39 and costs; this action was brought in the county court. On the same day an action by attachment was brought in the district court by Mannet & Heinrichs against Tester to recover the sum of $250 and costs. These attachments were levied upon a part of the goods in question. The mortgagees thereupon brought an action of replevin, and on the trial of the cause the jury found that the defendant was entitled to the possession of the property levied upon, and that the value of such possession was the sum of $405.72. The jury also found the value of the goods in the possession of the mortgagees was the sum of $1,700, and the value of the book accounts assigned to M. to be the sum of $489. Judgment was thereupon entered on the verdict. The mortgagees bring the cause into this court and a large number of errors are assigned, which, in our view, need not be considered.

This is a contest between creditors. So far as appears the mortgages were made in good faith to secure valid

claims.   The attachments also seem to have been issued and levied in good faith, and the claims upon which they were predicated, valid debts against Tester.   So far as appears the plaintiffs still have enough property in their hands to satisfy their claims and costs.   This being so, if all that is claimed by them as to the priority of liens is true, which we do not decide, still they are not injured.   It is the duty of the court to apply the property as far as possible to payment of the liens against the debtor, and to require such payment to be made without unnecessary delay.   Error does not affirmatively appear in the record and the judgment is

AFFIRMED.

THE other judges concur.