THOMAS VINCENT V. STATE OF NEBRASKA.

FILED SEPTEMBER 26, 1893. No. 3150.

1. Homicide: RULINGS ON ADMISSION OF TESTIMONY: BILL OF EXCEPTIONS: REVIEW. Certain assignments of error in this case not considered, for the reason the alleged rulings were not preserved by a bill of exceptions.

2. Supreme Court: JURISDICTION: NEW TRIAL. The supreme court has no original jurisdiction or authority to vacate a judgment and grant a new trial in a cause tried and determined in a district court. The jurisdiction of this court to grant a new trial in such case is appellate only.

3. Homicide: EVIDENCE OF GOOD CHARACTER: INSTRUCTIONS: REVIEW. It is reversible error to instruct the jury in a criminal case that "evidence of good character is entitled to great weight when the evidence against the accused is weak or doubtful, but is entitled to very little weight when the proof is strong," as it invades the province of the jury. It is for them, and not the court, to determine what weight shall be given to evidence of good character.

ERROR to the district court for Custer county. Tried below before HAMER, J.

C. W. McNamar, for plaintiff in error.

George H. Hastings, Attorney General, for the state.

NORVAL, J.

Plaintiff in error was tried in the court below upon an information charging him with the murder of one Enoch Young. There was a verdict of guilty of murder in the second degree, and the accused was thereupon sentenced to confinement in the penitentiary for the period of twenty-four years. To reverse said judgment he brings the case to this court.

The first, second, third, and fourth assignments in the motion for a new trial and in the petition in error are based upon certain alleged rulings of the trial court on the admission of testimony. These alleged errors cannot be reviewed by this court, for the reason there is no bill of exceptions in the case, and there is nothing to show whether any objections were made in the trial court to the introduction of the testimony complained of. For the same reason the fifth, sixth, seventh and ninth assignments of error cannot be considered. Since there is no bill of exceptions we cannot know whether the official stenographer read to the jury part of the evidence of the state's witnesses, or whether witnesses were called and examined by the county attorney, when introducing his evidence in chief, whose names were not indorsed on the information, or whether the jury were allowed to separate after they had retired to consider their verdict, or whether the verdict is contrary to the evidence.

It appears from numerous affidavits filed in this court that the reason the evidence taken on the trial and the rulings of the trial court were not preserved by a bill of exceptions is on account of the inability of Mr. Neevs, the official stenographer, to take down all the testimony and proceedings of the court, or to read and transcribe his notes. For this reason we are asked to grant a new trial, and the case of *Curran v. Wilcox*, 10 Neb., 449, is cited as authority in support of the contention of plaintiff in error.

46

It was there decided that in a proper case a new trial will be granted a party who, without fault on his part, is deprived of a bill of exceptions, by reason of the court reporter failing to make a transcript of the oral proceedings of the trial within the time limited by law. We do not question the soundness of the doctrine there laid down, but it is not an authority here. In that case a petition was presented to the district court praying a new trial on the ground above stated, which application was denied. On error to this court, the decision of the district court was reversed and set aside. In the case we are considering, no application for a new trial was made to the trial court on the ground of the inability of plaintiff in error to obtain a transcript of the testimony. Had such an application been made to that court, and the same had been by it refused, then we could have reviewed the decision. The supreme court has no original jurisdiction or authority to vacate a judgment and grant a new trial in a cause tried and determined in a district court. Its jurisdiction in such matter is appellate only. (*Paulson v. State*, 25 Neb., 347.)

Complaint is made of the instruction of the court relating to evidence of good character of the accused. The instruction to which objection is made reads as follows:

"13. Evidence of good character is entitled to great weight where the evidence against the accused is weak or doubtful, but is entitled to very little weight when the proof is strong."

This instruction invaded the province of the jury and was highly prejudicial to the defendant. A person accused of a crime may on the trial introduce evidence of his good character, no matter how heinous the offense charged, or how strong the evidence may be against him, and when such evidence is before the jury, it is their duty to give it such weight as they believe it entitled to. It is for them, and not the court, to say what importance should be given to evidence of good character. Instructions substantially

the same as the one above quoted, which were given in other cases, have been condemned by this court. (See *Long v. State,* 23 Neb., 33; *Johnson v. State,* 34 Id., 257, 51 N. W. Rep., 835.) Controlled by these views, we are obliged to reverse the judgment of the court below.

REVERSED AND REMANDED.

THE other judges concur.