R. L. McDonald et al. v. E. R. Bowman, Sheriff.

FILED APRIL 17, 1894.    No. 4858.

1. **Error Proceedings:** RECORD OF REVIEW. The jurisdiction of this court in error proceedings extends only to the affirmance or the reversal, vacating, or modifying of a judgment according to the record made in the district court. Original evidence, by affidavits or otherwise, cannot be here received to alter, contradict, or avoid that record.

2. **Chattel Mortgages:** REPLEVIN BY MORTGAGEE: ATTACHMENT: REVIEW. In an action of replevin by a mortgagee of chattels against a sheriff who has taken them on attachment against the mortgagor, the defendant cannot be permitted to recover merely upon the finding of the jury that the value of the mortgaged chattels was sufficient to satisfy both the mortgage and the attachment, regardless of the *bona fides* of the mortgage. If the mortgage was good, the mortgagee was entitled to the full security afforded him thereby, and he is entitled to have the proceedings adjudging it void reviewed in this court. *McDonald v. Bowman*, 35 Neb., 93, in this respect overruled.

3. **Attachment:** LIEN PENDING REVIEW OF ORDER TO DISCHARGE. Where an order is made discharging an attachment, the filing of a petition in error and the filing and approval of a supersedeas bond within the time fixed by the court, not to exceed twenty days, operate to continue the lien of the attachment in force pending error proceedings. The issuance of a summons in error within that time is not necessary for that purpose.

4. **Chattel Mortgages:** FRAUD OF MORTGAGOR: EVIDENCE. Declarations of a mortgagor of chattels, made after the execution of the mortgage, are admissible in an action between the mortgagee and creditors of the mortgagor for the purpose of establishing a fraudulent intent on the part of the mortgagor. *Sloan v. Coburn*, 26 Neb., 607, followed.

5. ——: ——: ——. If such declarations are made while the mortgagor remains in possession of the property, they are admissible as part of the *res gestæ*. *Campbell v. Holland*, 22 Neb., 587; *White v. Woodruff*, 25 Neb., 797, and *Cunningham v. Fuller*, 35 Neb., 58, followed.

6. **Instructions:** REVIEW: ASSIGNMENTS OF ERROR. An assignment of error as to the giving *en masse* of certain instructions will be considered no further than to ascertain that any one of the instructions was properly given. *Hiatt v. Kinkaid*, 40 Neb., 178, followed.

7. **New Trial:** REVIEW. In an action by several plaintiffs, where there was a verdict against all, a motion for a new trial, made by them jointly, must be overruled if the verdict was correct against one of them. *Scott v. Chope*, 33 Neb., 41, followed.

REHEARING of case reported in 35 Neb., 93.

*Letton & Hinshaw*, for plaintiffs in error.

*Hazlett & Le Hane, Charles O. Bates*, and *Hambel & Heasty*, contra.

IRVINE, C.

An opinion was filed in this case January 30, 1892, and is reported in 35 Neb., 93. Subsequently a rehearing was allowed. The principal facts are stated in the former opinion. There has been attached to the record a showing by affidavits and certificates that the lien of one of the attaching creditors has been finally divested, and further, that the property involved did not realize its value as found by the jury. This showing must be disregarded in considering the case. The jurisdiction of this court in error proceedings extends only to reviewing the record made in the

district court and affirming, reversing, vacating, or modifying the judgment of that court upon the record there made. Original evidence, by affidavits or otherwise, cannot be received in this court to support or defeat the judgment below.

The judgment of affirmance upon the former hearing was given without examination of the errors assigned, upon the theory that there remained in the hands of the mortgagees, after satisfying the judgments of the attaching creditors, sufficient to satisfy their claims, and that the mortgagees were not therefore prejudiced. Upon a reconsideration of the case we think that the court overlooked the purely legal nature of the action, and overlooked the fact that the judgment was in the alternative, for a return of the property, or, in case a return could not be had, for the value of defendant's possession. If the value of the property mortgaged was grossly disproportionate to the debts secured, this was a fact from which the jury might have found a fraudulent intent in the making of the mortgages; but unless the jury so found, if the mortgages were otherwise valid, the mortgagees were entitled to the security of all the property mortgaged. Upon foreclosure of the mortgages it would be probable that the goods would not realize their full value as found by the jury, and it will not do, therefore, for the court to say that, regardless of the merits of the case and the legal rights of the plaintiffs, the plaintiffs must satisfy the attaching creditors as a condition of retaining the property. This was the effect of the former decision. A review of the errors assigned is, therefore, necessary.

Upon the trial it was stipulated, among other things, that on the 31st of January, 1891, the county judge issued a valid writ of attachment in favor of the Lycoming Rubber Company against Tester; that on that day the sheriff levied the attachment upon the goods in controversy and held the same until taken from him by the writ of replevin in this case; that on February 18, and before judg-

ment in said action, the county court dissolved the attachment; that on the 28th day of February the rubber company filed its petition in error in the district court of Jefferson county, seeking a reversal of the order dissolving the attachment, and at the same time filed a valid supersedeas bond, approved by the clerk of the district court, and at the time of the trial the error proceedings were still pending and undetermined. The plaintiffs objected to the admission of any evidence in regard to the petition in error and supersedeas bond, for the reason that no summons in error had been issued and that Tester had not appeared in the error proceedings. The overruling of this objection is assigned as error.

Sections 236*e* and 236*f* of the Code of Civil Procedure provide a method of retaining property taken in attachment pending a review on error of proceedings resulting in the discharge of the attachment. By these sections it is provided that when an order discharging an attachment is made, the court shall fix the number of days, not to exceed twenty, in which a petition in error may be filed. During the period so fixed the officer retains the property. Within that time the party seeking the reversal must file his petition in error and give a supersedeas bond. It is not distinctly stated that upon so doing the order discharging the attachment shall be superseded pending the review, but the act was entitled "An act to provide for the retention of attached property pending a review on error of an order discharging the attachment," and sections 588 and 590 of the Code, relating generally to supersedeas pending error proceedings, make the filing of a petition in error and the taking and approval of a bond the conditions of the supersedeas. The evident purpose of sections 236*e* and 236*f* was to provide for a supersedeas of orders dissolving attachments after the analogy of other cases. This is the construction which the court has heretofore given this act. (*State v. Cunningham*, 9 Neb., 146; *Wilson v. Shepherd*,

15 Neb., 15; *Adams County Bank v. Morgan*, 26 Neb., 148; *Lehnoff v. Fisher*, 32 Neb., 107.) The necessary conclusion is that the filing of the petition in error and the filing and approval of the bond within the proper time operated as a supersedeas, and the issuance or service of summons in error, or the appearance of the defendant in error, is nowhere made a condition of superseding the judgment. The lien acquired by the levy of the attachment therefore remained in force, and that part of the stipulation disclosing these proceedings was properly admitted to establish that fact.

The next assignment of error relates to the admission in evidence of certain declarations tending to impeach the good faith of the mortgages, made by Tester, the mortgagor, to the witness Bates a few days after the mortgage to McDonald & Co. was executed. This conversation was in the presence of McDonald & Co.'s agent and it was also at a time when there is considerable evidence to show that Tester was still in possession of the mortgaged property, disposing of it in the usual course of trade. It is claimed that he was in possession as agent of McDonald & Co., but if he was, his declarations were clearly admissible against them. If he was in possession in his own right, they were admissible for that reason. (*White v. Woodruff*, 25 Neb., 797; *Cunningham v. Fuller*, 35 Neb., 58; *Campbell v. Holland*, 22 Neb., 587.) But these declarations were admissible for another reason. The intent of the mortgagor in making the mortgages, as well as that of the mortgagees in receiving them, were material inquiries, and the declarations of the mortgagor, subsequent to the execution of the mortgages, were admissible for the purpose of establishing his intent, although not that of the mortgagees. This has been distinctly decided. (*Sloan v. Coburn*, 26 Neb., 607.)

Complaint is made of the giving of the third instruction by the court of its own motion. This, however, we

cannot review.   The assignment upon this point in the
motion for new trial is as follows: "The court erred in
giving the first, second, third, fourth, and fifth paragraphs
of instructions given by the court of its own motion."
The correctness of those other than the third is not ques-
tioned by counsel in the briefs.   Under these circumstances
this assignment of error must be overruled. (*Hiatt v. Kin-
kaid*, 40 Neb., 178.)

Complaint is made of the giving of three instructions
at the request of the defendant; but these relate to the
validity of the McDonald mortgage alone, and do not af-
fect the case of the Symns Grocer Company.   The motion
for a new trial was joint by both mortgagees, and by a well
established rule, if the verdict was correct against one of
the parties, such a motion must be overruled. (*Scott v.
Chope*, 33 Neb., 41, and cases there cited.)   Errors which
would affect the case of McDonald & Co. alone cannot,
therefore, be reviewed.

JUDGMENT AFFIRMED.