ORSON S. HASKELL v. VALLEY COUNTY.

FILED JUNE 7, 1894.    No. 4166.

1. **Review:** ASSIGNMENTS OF ERROR: BILL OF EXCEPTIONS. This court cannot review errors alleged to have been committed by a district court in the admission and rejection of evidence unless such errors are preserved in a bill of exceptions and specifically alleged in a petition in error here.

2. **Assignments of Error.** If a litigant is of opinion that a trial court erred in its ruling, and desires to review such error in this court, he should specifically state in his petition in error here the identical action of the district court which he claims was erroneous.

3. **Appeals from the decision of a county board** should be entered, tried, and determined in the district court the same as appeals from justices of the peace.

4. **Appeal from County Board:** ISSUES IN APPELLATE COURT: REVIEW. A district court should never proceed with the trial of an appeal from a county board, until the parties to such appeal have made up the issues therein, by filing the proper pleadings in the case; and where such an appeal is tried in the district court without pleadings, and brought here on error, this

court will not examine the evidence for the purpose of ascertaining what the issues litigated were.

5. Costs: MOTION TO RETAX: REVIEW.  For this court to review an error alleged to have been committed by a district court in rendering judgment against a party for costs, the party against whom the judgment is rendered must file a motion in the district court to retax such costs and then come here from the ruling of the district court upon such motion.

6. Review: ASSIGNMENTS OF ERROR: COSTS.  *Wilkinson v. Carter*, 22 Neb., 186; *Hiatt v. Kinkaid*, 40 Neb., 178; *Jewett v. Osborne*, 33 Neb., 24, and *Vincent v. State*, 37 Neb., 672, followed and reaffirmed.

ERROR from the district court of Valley county.  Tried below before TIFFANY, J.

*A. M. Robbins*, for plaintiff in error.

*Charles A. Munn, E. J. Clements*, and *Thomas Darnall*, contra.

RAGAN, C.

From the decision of the board of county commissioners of Valley county, disallowing in part certain claims filed by him against said county, Orson S. Haskell appealed to the district court.  The case was tried to a jury, which rendered a verdict in Haskell's favor for the same amount allowed him by the board of county commissioners.  Upon this judgment a verdict was rendered for Haskell, and he has filed a petition in error here to review such judgment.

1. Of the errors assigned here by Haskell, eleven relate to the action of the district court in the admission and rejection of evidence at the trial.  We are unable to review any of these alleged errors, for the reason that they have not been preserved by a bill of exceptions.  A draft of what purports to be, and probably is, all the evidence offered or given on the trial of the case is in the record, but it has never been signed or allowed as provided by law. (*Jewett v. Osborne*, 33 Neb., 24; *Vincent v. State*, 37 Neb., 672.)

2. The first alleged error assigned here by Mr. Haskell is in the following language : "The verdict rendered therein is against the weight of evidence." In *Vincent v. State,* 37 Neb., 672, it was held that this court has no original jurisdiction or authority to vacate a judgment and grant a new trial in a cause tried and determined in a district court. That the jurisdiction of this court to grant a new trial was appellate only. The grounds upon which a new trial may be granted are enumerated in section 314 of the Code, and by the sixth subdivision of said section it is provided that a new trial may be granted where the verdict, report, or decision is not sustained by sufficient evidence; but we know of no law which vests this court with authority to grant a party a new trial solely because we might be of opinion that the verdict rendered was against the weight of evidence.

3. The fifteenth assignment of error is alleged here by Mr. Haskell as follows: "There were errors of law during the course of the trial and excepted to by plaintiff." This assignment is too vague and indefinite for consideration. If a litigant is of opinion that the trial court erred in its ruling, and desires to review such error in this court, he should specifically state in his petition in error here what action of the district court he claims was erroneous.

4. The second assignment of error alleged here by Mr. Haskell is that the amount awarded him by the jury is too small and not supported by the evidence. The board of county commissioners of Valley county allowed Mr. Haskell on the claims which he filed against that county $40, and this was the amount awarded him by the jury on the trial of this action. If we look into what purports to be a draft of the evidence given at the trial we are still unable to say whether or not the verdict of the jury is too small and not sustained by sufficient evidence, for the reason that no pleadings of any kind were filed in the district court, and we are unable to state what the issues were on which the

case was tried.    Section 39, page 352, Compiled Statutes, 1893, provides that an appeal from the decision of a county board "shall be entered, tried, and determined the same as appeals from justice courts."    Section 1010a of the Code of Civil Procedure provides: "That in all cases of appeal from the county court or a justice of the peace the plaintiff shall, within twenty days from and after the filing of his transcript in the district court as required by law, file his petition as required in civil cases in the court to which such appeal is taken; and the answer shall be filed and issue joined as in cases commenced in such appellate court."    The district court should never proceed with a trial of an appeal from a county board until the parties to such appeal have made up the issues therein by filing the proper pleadings in the case; and where such an appeal is tried in the district court without pleadings, and brought to this court on error, we will not examine the evidence for the purpose of ascertaining what the issues litigated were.

5. The sixteenth assignment of error alleged here by Mr. Haskell is as follows: "The court erred in overruling the plaintiff's motion for a new trial."    This assignment is sufficiently disposed of by what has been said above and need not be further noticed.

6. The tenth assignment of error alleged here by Mr. Haskell is in the following language: "The court erred in giving instructions Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 over objections by plaintiff."    The rule of this court is, where objections are assigned to the giving of instructions *en masse*, if any one of the instructions objected to is good, then the objection will fail as to all (*Hiatt v. Kinkaid*, 40 Neb., 178; *McDonald v. Bowman*, 40 Neb., 269); but as we do not know what the issues litigated were, we are not able to say whether or not any of these instructions were good or bad.

7. The seventeenth assignment of error is as follows: "The court erred in rendering judgment against this plaintiff for

$219.13 costs." Section 39, page 352, Compiled Statutes, quoted above, provides that appeals taken from the decision of county boards "shall be entered, tried, and determined the same as appeals from justice courts, and costs shall be awarded thereon in like manner." Section 1013 of the Code of Civil Procedure provides: "If any person appealing from a judgment rendered in his favor shall not recover a greater sum than the amount for which judgment was rendered, besides costs and the interest accruing thereon, every such appellant shall pay the costs of such appeal." As already stated, the decision of the board of county commissioners was in favor of Mr. Haskell, and on his appeal he recovered the same amount. There was no error then in the court rendering judgment against him for the costs of the appeal. We are unable to say from the record whether the judgment rendered against Mr. Haskell for costs embraced anything more than the costs of the trial in the district court. If it does, the judgment to that extent is erroneous; but in order for this court to review a judgment for costs the party against whom the judgment is rendered must first file a motion in the district court to retax the costs and then come here from the ruling of the court upon such motion, if the ruling is unsatisfactory to him. (*Wilkinson v. Carter*, 22 Neb., 186.) The judgment of the district court must be

AFFIRMED.