THE STATE, EX REL. HAGBERG, v. THE COUNTY COMMISSIONERS OF FURNAS COUNTY.

Claims against County: POWER OF COMMISSIONERS. One H. filed a claim against the county of F. for certain services rendered in 1879. In July, 1880, he applied to the county commissioners of said county to allow the claim, which they refused to do upon the ground that claims for services rendered in 1879 could not be paid out of the levy of 1880. On applica-

tion for a mandamus, *held*, 1.   That the commissioners could not be compelled to audit an account, but in a proper case could be compelled to act thereon.   2.   That as the owner of the claim or a tax payer could appeal from their decision allowing or rejecting a claim against the county, an admission by them of the justness of the claim could not prevent such appeal.   3.   That the relator was entitled to be paid for his services out of the levy for 1880.

ORIGINAL application for mandamus.

*Bane & Harvey,* for the relator.

*W. S. Morlan,* for the respondent.

MAXWELL, CH. J.

The relator was the assessor of Arapahoe precinct, in Furnas county, in the year 1879, and in the month of June of that year presented his account to the county commissioners of said county for the sum of $80 for said services.   The account has not yet been allowed.   In July, 1880, the relator requested the defendant to audit and allow said account and issue a warrant therefor upon the general fund of said county, which they refused to do upon the ground that they had no power to disburse any of the funds levied during the year 1880 in payment for services performed for the county prior to that year.   The relator prays for a writ of mandamus to compel the defendants to audit said claim and issue a warrant therefor.   On the hearing of the cause it was agreed by the parties that the claim was just and a proper charge against the county, and they desired the court to decide only upon the question of compelling the commissioners to issue a warrant for the amount of said claim.

Section 33 of the act concerning counties and county officers (Laws of 1879, 365) provides: " Upon the

allowance of any claim or account against the county the county board shall direct the county clerk to draw a warrant upon the county treasury in payment thereof, such warrant to be signed by the chairman of the county board, countersigned by the county clerk, and sealed with the county seal, but the same shall not be delivered to the party until the time for taking an appeal has expired, and if such appeal be taken, then not until the same shall have been determined."

Section 37 provides that: " When the claim of any person is disallowed in whole or in part by the county board, such person may appeal from the decision of the county ·board to the district court of the same county by causing a written notice to be served on the chairman within twenty days after making such decision, and executing a bond to such county with sufficient surety," etc.

Section 38 provides that " any tax payer may likewise appeal from the allowance of any claim against the county by serving a like notice, and giving a bond similar to that provided in the preceding section."

It will thus be seen that county commissioners cannot be compelled to audit a claim against the county, but in a proper case may be compelled to act thereon; and even if the claim is audited they cannot be compelled to issue a warrant therefor and deliver the same to the owner of the claim until after the expiration of twenty days from the date of the allowance of the claim.   And an admission on the part of the commissioners that the claim is just does not obviate the provisions of the statute providing for an appeal from their decision.   This being the case, the application does not state facts sufficient to entitle the relator to the writ.   The relator, so far as appears from this application, is entitled to be paid for his services out of the levy of 1880; and if the claim in question had

been audited as required by law the commissioners in a proper case would have been compelled to issue a warrant therefor.

The writ must be denied.

WRIT DENIED.