Box Butte County v. R. C. Noleman, Administrator
OF P. H. Driscoll, Deceased.

Filed March 17, 1898.   No. 7895.

1. **Appeal from County Board.** An appeal from an order of a county
board, allowing a claim against the county, brings the matter to
the district court for trial *de novo.*

2. ————: **Issues.** In a case appealed from an order of a county board
issues should be joined in the district court as in cases appealed
from justices of the peace.

3. ————: **Pleading: Judgment.** In a case appealed from an order of
a county board disallowing a claim the district court cannot law-
fully render judgment against the county without pleadings being
filed or a trial had.

Error from the district court of Box Butte county.
Tried below before Kinkaid, J.   *Reversed.*

*B. F. Gilman,* for plaintiff in error.

*R. C. Noleman, contra.*

Sullivan, J.

The county of Box Butte leased its poor farm to P. H.
Driscoll for the period of one year, from March 1, 1893.
The lease was in writing, signed by both parties, and pro-
vided that Driscoll should pay as rental the sum of $50
on November 1, 1893, and that he should, in consideration
of the leasing, keep and board the county paupers at a
fixed rate per week.   In July and August, 1894, claims
were filed by Driscoll against the county for keeping and
boarding paupers, and in the following December were
presented to the county commissioners for their consid-
eration and action thereon.   The order of the commis-
sioners in the matter, duly made and entered of record, is
here set out: "P. H. Driscoll, being indebted to Box
Butte county in the sum of $50 for rent of poor farm for
1893, as per lease and contract on file, which amount was
due November 1, 1893, and the said P. H. Driscoll having

claims numbered 2403 and 2459 on file against said county for boarding paupers amounting to $54.45, on motion it is hereby ordered that the amount due the county from said P. H. Driscoll, to-wit, $50, be deducted from the amount of said claims and that a warrant be drawn on the general fund for the balance $4.45." From this order Driscoll appealed and at the April term of the district court filed a motion for judgment on the certified transcript of the commissioners' record. The motion was sustained and a judgment rendered for the full amount of Driscoll's claim. The county brings the case here for review by petition in error.

As indicating the theory upon which the district court gave judgment against the defendant without pleadings being filed or proofs submitted, we quote from the record: "This cause came on for hearing on motion of the plaintiff for judgment on the pleadings, being the record, and upon hearing argument of counsel, cause was submitted to the court. The court, being fully advised in the premises, sustains the motion and does find that the plaintiff have and recover judgment against the defendant in the sum of $54 and his costs at $3.35. The court reserves the right to set aside or modify this order if the county attorney shall produce authorities to the effect that the county board can audit a claim of the county against an individual and deduct it from his claim against the county as proposed by the honorable county board in this case. Such authorities to be produced June next." It is apparent that the court proceeded on a wrong theory. Mutual demands having arisen out of the contract between the parties, the plaintiff was entitled to an allowance of his claim only to the extent that it exceeded the claim of the county against him. Besides the appeal vacated the order of the county board. The cause was in the district court for trial de novo. (State v. Furnas County, 10 Neb. 361.) Issues should have been joined and a trial had. (Haskell v. Valley County, 41 Neb. 234.) There is in the record no legal basis for the judgment com-

plained of and it is, therefore, reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.