MARGARET GESMAN, APPELLANT AND CROSS-APPELLEE,
v. STATE OF NEBRASKA ET AL., APPELLEES AND
CROSS-APPELLANTS.

342 N.W.2d 196

Filed January 6, 1984. No. 82-710.

J. Patrick Green, John P. Miller, and Renne Edmunds and Larry W. Myers, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, and Kermit A. Brashear II, Special Assistant Attorney General, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This was an appeal under the provisions of Neb. Rev. Stat. § 77-2407 (Reissue 1981), taken by the plaintiff to the district court from the decision of the Director of Administrative Services, who had denied the plaintiff's claim. The district court affirmed the action of the director and dismissed the petition. The plaintiff has appealed, and the defendants have cross-appealed alleging a failure of jurisdiction. We sustain the cross-appeal and order that the proceedings be dismissed.

Margaret Gesman, the plaintiff, had paid the motor vehicle inspection fee, mandated by Neb. Rev. Stat. §§ 60-1701 et seq. (Reissue 1978), for several years. Following the declaration of § 60-1701 (Cum. Supp. 1980) to be unconstitutional by a decision of the Douglas County District Court, the plaintiff filed a claim for refund with the Director of Administrative Services. This claim was denied by the director on May 14, 1981.

Plaintiff's petition appealing this decision was filed in the district court on May 29, 1981, together with a certified transcript from the Director of Administrative Services, and, according to the stipulation of facts of the parties, a $50 appeal bond. Sometime after this date, and before the hearing in the district court, the motor vehicle inspection law was declared unconstitutional by this court in the case of *State v. Edmunds*, 211 Neb. 380, 318 N.W.2d 859 (1982).

Because we decide this case on jurisdictional grounds, it is not necessary for us to set forth plaintiff's various assignments of error, nor to reach the merits of her claim.

The parties agree that appeals from the denial of claims by the director are governed by the provisions of § 77-2407. That section provides in part as follows: "[T]he party aggrieved by the decision of the director may appeal therefrom to the district court of the county where the capital is located within twenty days after receiving official notice. Such appeal may be taken in the manner provided by law in relation to appeals from county courts to such district courts, and shall be prosecuted to effect as in such cases. The party taking the appeal shall give bond to the State of Nebraska in the sum of *two hundred dollars*, with sufficient surety to be approved by the clerk of the court to which such appeal may be taken, conditioned to pay all costs which may accrue to the Director of Administrative Services by reason of taking such appeal." (Emphasis supplied.)

The defendants argue that under the doctrine laid down by this court in *School Dist. No. 17 and Westside Comm. Schools v. State*, 210 Neb. 762, 316 N.W.2d 767 (1982), § 77-2407 incorporates by reference the scheme of appellate procedure of Neb. Rev. Stat. §§ 27-1301 et seq. (Reissue 1964). As a result, the defendants contend, the plaintiff was required to file a $50 appeal bond within 10 days of the final order of the director entered on May 14, 1981, which was not done.

It is the plaintiff's position, on the other hand, that § 77-2407 specifically requires the giving of a bond to the State of Nebraska in the sum of $200; that this requirement controls over the generalized adoption of the requirements of Chapter 27; that § 77-2407 makes no provisions for a time limit on the filing of a bond, but only the 20-day provision as to a transcript; and that the bond was filed with the transcript and within the 20-day requirement, i.e., on May 29, 1981.

Even assuming for the sake of argument that plaintiff's interpretation is correct, she has still

failed to comply with the jurisdictional require-
ments. There is absolutely no evidence of the filing
of a *$200* bond. There is a copy of a $50 money order
payable to and tendered to the Department of Ad-
ministrative Services within 4 days of the director's
decision, which was returned to the plaintiff, and the
stipulation relating to the filing of a $50 appeal bond
on May 29.

The requirement as to the furnishing of a proper
appeal bond is mandatory and essential to confer ju-
risdiction of the proceedings on the district court.
Since such bond is a condition precedent to the juris-
diction of the district court, the objection may be
raised at any time. *Security Mutual Life Ins. Co. v.
Gilliam*, 143 Neb. 673, 10 N.W.2d 670 (1943). The de-
fendants' motion to dismiss the appeal was filed on
May 19, 1982, well before the entry of the order af-
firming the action of the director. The motion to
dismiss should have been sustained.

Because the action of the district court ordering
plaintiff's petition to be dismissed was correct, it is
affirmed.

AFFIRMED.

SHANAHAN, J., concurs in the result.