IN RE COVAULT FREEHOLDER PETITION.
HAROLD GOTTULA, APPELLANT, V. RODNEY D. COVAULT ET AL.,
APPELLEES.
IN RE GLATHAR FREEHOLDER PETITION.
HAROLD GOTTULA, APPELLANT, V. JOHN J. GLATHAR ET AL.,
APPELLEES.
IN RE DOBROVOLNY FREEHOLDER PETITION.
HAROLD GOTTULA, APPELLANT, V. RICHARD DOBROVOLNY ET AL.,
APPELLEES.
359 N.W.2d 349

Filed December 7, 1984. Nos. 83-819, 83-820, 83-821.

Richard L. Halbert, for appellant.

James B. Gessford of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellees Glathar and Dobrovolny.

Kelley Baker of Nelson & Harding, for appellees Covault et al.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, and Shanahan, JJ.

Krivosha, C.J.

The three cases consolidated for purposes of this appeal involve freeholders petitions seeking the transfer of land from one school district to another. In the Glathar case (No. 83-820) and the Dobrovolny case (No. 83-821), the landowners filed freeholders petitions with the State Board of Education, seeking to transfer land out of the Table Rock school district and into the Humboldt school district, pursuant to Neb. Rev. Stat. § 79-403(1) (Cum. Supp. 1984). In the Covault case (No. 83-819), the landowners filed a freeholder petition with the Pawnee County freeholder board, seeking to transfer land out of the Table Rock school district and into the Pawnee City school district, pursuant to § 79-403(2). Both the State Board of Education, in the Glathar and Dobrovolny cases, and the Pawnee County freeholder board, in the Covault case, granted the relief sought and transferred the land.

The decisions of both the State Board of Education and the Pawnee County freeholder board were appealed to the district court for Pawnee County, Nebraska. After hearing, the district court concluded that the actions of both the State Board of Education and the Pawnee County freeholder board were correct and affirmed the transfers. It is from that decision by the district court for Pawnee County that these appeals are now brought to this court. The appellant in all three cases is Harold

Gottula, who apparently is the president of the Table Rock School Board. Gottula maintains that the district court erred in affirming the transfers in each of the three cases and that its action should be reversed. For reasons more particularly set out hereinafter, we believe the decisions in Glathar and Dobrovolny must be affirmed, while the decision in Covault must be reversed.

We turn first to the Glathar and Dobrovolny cases. Under the provisions of § 79-403(1) any freeholder may file a petition with the State Board of Education, asking to have any tract of land described therein set off from a Class I, II, III, or VI district in which it is situated and attached to some other district in the petitioner's county of residence or a county adjoining thereto, for the purpose of providing a better education for children of school age residing on the land to be transferred. In order for the petitioner to prove that the petition is in the best educational interests of such children, the petitioner must show a difference in the state accreditation of the schools involved. Subsection (1) of § 79-403 then provides that "[a]ppeals may be taken from the action of the State Board of Education to the district court of the county in which the real estate is located within twenty days after entry of such action on the records of the board." This is somewhat different than the law as it existed before the statute was amended.

Prior to July 17, 1982, § 79-403(1) (Reissue 1981) provided that such petitions were filed with a board consisting of the county superintendent, county clerk, and county treasurer, rather than with the State Board of Education. The previous act also provided that appeals were to be taken from the action of the board in the same manner as appeals are "now taken from the action of the county board in the allowance or disallowance of claims against the county." In amending the act and transferring authority to the State Board of Education, the language describing the manner in which the appeal should be taken was deleted and no new appeal procedure was specifically provided. One must conclude, therefore, that the manner of taking appeals from actions of the State Board of Education pursuant to § 79-403(1) must be in the same manner in which appeals from any action of the State Board of Education are

taken to the district court. See *Bd. of Ed. of Keya Paha County v. State Board of Education*, 212 Neb. 448, 323 N.W.2d 89 (1982). Furthermore, because there is a procedure for taking an appeal from the action of the State Board of Education, the provisions of Neb. Rev. Stat. § 25-1937 (Reissue 1979), which provide how appeals are to be taken when no other procedure is provided, have no application. See Neb. Rev. Stat. § 84-917 (Reissue 1981). However, because the language of a specific statute takes precedence over the language of a general statute, the time in which the appeal is to be taken must be within 20 days, as provided in § 79-403(1), rather than 30 days as provided in § 84-917. *State v. Havorka,* ante p. 367, 355 N.W.2d 343 (1984); *Hall v. Cox Cable of Omaha, Inc.*, 212 Neb. 887, 327 N.W.2d 595 (1982). See, also, *Duffy v. Physicians Mut. Ins. Co.*, 191 Neb. 233, 214 N.W.2d 471 (1974). There is one further difference which is not material to our decision, and that is that, pursuant to subsection (1) of § 79-403, the appeals in these cases are filed in the district court where the land is located rather than where the action by the State Board of Education was taken.

The record discloses that in Glathar and Dobrovolny the notice of appeal was filed on April 1, 1983. The record further discloses that the meeting at which the State Board of Education approved the transfers was held on March 11, 1983. The time, therefore, between the meeting at which the action was taken and the date on which the appeals were filed was more than 20 days. Appellant argues that the appeals were filed within 20 days because, while the board voted to transfer the land on March 11, 1983, it also voted at that time to hold an emergency telephone conference in order to approve memorandum opinions regarding the decisions made on March 11, 1983. The question that we must therefore decide is whether the actions from which these appeals are taken occurred on March 11 when the board voted to approve the transfer or on March 15 when the memorandum decisions were approved. We believe § 79-403(1) requires that the appropriate date must be March 11, 1983. It was on that date that the board, at a duly convened meeting at which minutes were required by statute to be taken, voted to authorize the transfers. Neb. Rev. Stat.

§ 79-327(2) (Reissue 1981). It is the "action" of approving the transfer which is now being appealed. While it is true that the State Board of Education is required, under the provisions of Neb. Rev. Stat. § 84-915 (Reissue 1981), to prepare findings of fact and conclusions of law, it is also true that the language of § 79-403(1) pertaining to the time for taking appeal is significantly different from the language of § 84-917. As we have noted, § 79-403(1) provides that the time for taking an appeal begins to run "after entry of such action on the records of the board." On the other hand, the time for appeal under § 84-917 begins to run "after the service of the final decision by the agency." To suggest that the language of § 79-403(1) is the same as § 84-917 is to ignore the plain meaning of the words. When the board met on March 11, 1983, it took "action" and recorded it "on the records of the board." That it may also be required to prepare a "final decision" cannot alter that fact. Nor can the fact that the time for giving notice of appeal begins to run when the vote is taken and before the final decision is drafted alter the language of § 79-403(1).

Absent some violation of due process, the Legislature may prescribe the time in which an appeal must be taken, even if the procedure, on careful reflection, is foolish or contrary to other procedures provided. The preparation of a formal document required by § 84-917 does not extend the time for appeal under § 79-403(1) any more than a delay in preparing the minutes of the meeting of March 11, 1983, could delay the time for taking the appeal.

When the board formally met and voted, it entered "such action on the records of the board" and started the clock running. See § 79-327(2). See, also, *Marcotte v. City of Omaha,* 196 Neb. 217, 241 N.W.2d 838 (1976); *Brown v. City of Omaha,* 179 Neb. 224, 137 N.W.2d 814 (1965). The appeals in the Glathar and Dobrovolny cases were, therefore, filed 21 days after the action was taken and beyond the time provided for by statute. Good judgment might suggest that § 79-403(1) should track the Administrative Procedures Act in all respects. That, however, is for the Legislature to decide and not for this court.

While this may seem to be highly technical, nevertheless the

matter of acquiring jurisdiction by an appellate court is indeed a technical matter and one over which courts have no discretion. As we observed in *Brown v. City of Omaha, supra* at 226, 137 N.W.2d at 816:

We have no power to extend the period of review for 1 or 2 days any more than we could extend it 6 months, and it is fundamental that the right to review by error proceedings or to appeal is statutory and the requirements of the statute must be met before the district court or this court acquires jurisdiction of the subject matter of the action.

The record simply and absolutely discloses that Gottula did not file his appeal in time and that the district court did not acquire jurisdiction. The action of the State Board of Education, therefore, became final, and neither the district court nor this court can review such action.

The situation in the Covault case (No. 83-819), however, is entirely different. The record makes clear that the appeal was taken within 20 days from the date upon which the freeholder board acted, and in accordance with the provisions of § 79-403(2), which provides that appeals under subsection (2) shall be taken in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county. We, therefore, must turn to the merits of the appeal in Covault.

Section 79-403(2) provides that any freeholder may file a petition with a board consisting of the county superintendent, county clerk, and county treasurer, asking to have any tract of land set off from a *nonaccredited* Class I, II, III, or VI district in which it is situated and attached to an *accredited* district in the county of the residence of the petitioner or an adjoining county. A freeholder may not seek to have land transferred from one accredited school district to another accredited school district under § 79-403(2).

The evidence in the Covault case discloses that the hearing on the petition was held on December 15, 1982, and that, while the Table Rock school district had not yet been formally accredited, it had been advised on December 2, 1982, that it had met all of the requirements for accreditation and would be accredited by

the State Accreditation Committee at its meeting in May and by the State Board of Education at its meeting in June. The letter of December 2 further advised the Table Rock school district that the accreditation classification would become official after the action of the State Board of Education in June for the school year starting July 1, 1983, through June 30, 1984, the period of time involved in this action.

Nevertheless, the freeholder board granted the request to transfer, and the district court, on appeal, held that it could not consider the fact that Table Rock had been advised of its accreditation and would be accredited before the new school year began, but must instead consider the status of the district as it existed on the date on which the freeholder board met. The district court also held that it could not consider evidence as to the status of Table Rock on the date of the trial, but was only to determine whether Table Rock was accredited on the date the freeholder board met. This would appear to be directly in conflict with our recent decision in *Miller v. School Dist. No. 69*, 208 Neb. 290, 303 N.W.2d 483 (1981). We believe this to be true notwithstanding the fact that Neb. Rev. Stat. § 79-1108 (Reissue 1976) has been amended.

In the first place, we said in *Miller* that the action of the statutory board under § 79-403 (Reissue 1976) is an exercise of quasi-judicial power, equitable in character, and on appeal therefrom to the district court the cause is triable de novo as though it had originally been instituted in such court. See, also, *Klecan v. Schmal*, 196 Neb. 100, 241 N.W.2d 529 (1976); *Friesen v. Clark*, 192 Neb. 227, 220 N.W.2d 12 (1974). When an appeal is conducted as a "trial de novo," as opposed to a "trial de novo on the record," it means literally a new hearing and not merely new findings of fact based upon a previous record. A trial de novo is conducted as though the earlier trial had not been held in the first place, and evidence is taken anew as such evidence is available at the time of the trial on appeal. See, generally, 25A C.J.S. *De novo* at 483 (1966); Black's Law Dictionary 1349 (5th ed. 1979); *Box Butte County v. Noleman*, 54 Neb. 239, 74 N.W. 582 (1898); *Miller v. School Dist. No. 69, supra.*

Therefore, when the trial court considered this matter on

August 8, 1983, it should have taken into account the fact that the district was now accredited and that the Covaults did not meet the necessary requirements of § 79-403(2).

Furthermore, in *Miller* we held that where all of the acts necessary to effect accreditation of a school district have been met prior to the statutory board's ordering the transfer, and in fact formal accreditation is granted prior to the time the children begin school and prior to the time the district court acts on the appeal, the issue of accreditation must be considered to have become moot. It appears to us that this rule must cut both ways. If it is the law, as we believe it to be, that the board must consider whether the district to which the land is being transferred is accredited under the conditions set out in *Miller*, it would likewise seem to follow that both the freeholder board in the first instance and the district court on appeal must consider whether the district from which the land is being transferred is accredited under the conditions in this case.

Argument is made that by amending § 79-1108 (Reissue 1981), the Legislature has caused our decision in *Miller* to no longer have application. See § 79-1108 (Cum. Supp. 1984). We do not agree. It would make little sense to say that the district court, on appeal, must consider the fact that the school district in question has become accredited, because the trial is de novo, but that the freeholder board must disregard that all steps have been taken for accreditation except for the formal vote of the State Board of Education. This would simply require the taking of an appeal in order to obtain a guaranteed favorable result, and cannot be the law. We believe that our holding in *Miller* remains the law notwithstanding the amendment to § 79-1108.

In the instant case all of the requirements necessary to effect accreditation of the Table Rock school district had been met prior to the time that the statutory board ordered the transfer, and in fact the formal certification was granted prior to the time the children began school and prior to the time the district court acted on the appeal. It was therefore error for the district court not to consider those facts. If the district court had considered those facts, as we believe it should have, it would have been required to find that the Covaults were not seeking to transfer land from a nonaccredited district to an accredited district but,

rather, were seeking to transfer land from an accredited district to an accredited district, and therefore did not meet the requirements of § 79-403(2). The freeholder board did not have jurisdiction in this matter. The decision of the trial court in Covault must be reversed and the matter remanded with directions to set aside the transfer.

JUDGMENTS IN NOS. 83-820 AND 83-821 AFFIRMED.
CAUSE IN NO. 83-819 REVERSED AND REMANDED
WITH DIRECTIONS.