IN RE PELAN FREEHOLDER PETITION.
ROBERT H. CLAUSEN, APPELLANT, V. LYNN PELAN ET AL.,
APPELLEES.
IN RE ZYBACH FREEHOLDER PETITION.
ROBERT H. CLAUSEN, APPELLANT, V. DAVID ZYBACH ET AL.,
APPELLEES.
359 N.W.2d 355

Filed December 7, 1984.   Nos. 83-824, 83-826.

Barlow, Johnson, DeMars & Flodman, for appellant.

Leininger, Grant, Rogers & Maul, for appellees.

KRIVOSHA, C.J., HASTINGS, SHANAHAN, and GRANT, JJ., and McCOWN, J., Retired.

KRIVOSHA, C.J.

This appeal is another in a series of cases arising by reason of landowners seeking to transfer land from one school district to

another pursuant to the provisions of Neb. Rev. Stat. § 79-403(1) and (2) (Cum. Supp. 1984). More specifically, the question presented to us by this combined appeal is whether a freeholder seeking to transfer land located in an unaccredited Class I district which is a part of an accredited Class VI district to an accredited Class III district must do so under the provisions of subsection (1) or subsection (2) of § 79-403. In both the Pelan case (No. 83-824) and the Zybach case (No. 83-826), the freeholders filed their petitions with a board consisting of the county superintendent, county clerk, and county treasurer pursuant to the provisions of § 79-403(2). The requests to transfer were granted, and appeals were taken by Robert H. Clausen to the district court. The district court affirmed the actions of the freeholder board, and Clausen appealed to this court.

While a number of assignments of error are raised, appellant essentially argues that § 79-403 must be read in such a manner that if an unaccredited Class I district is also located in an accredited Class VI district, then only the State Board of Education has jurisdiction to authorize a transfer pursuant to § 79-403(1). We believe, however, that a simple reading of the statute leads to a contrary conclusion and supports the actions of both the freeholder board and the district court.

It appears to us that there is no ambiguity insofar as this issue is concerned and that, in fact, the Legislature clearly contemplated the situation presented to us by this case. Section 79-403(2) provides in pertinent part as follows:

Any freeholder . . . may file a petition with a board consisting of the county superintendent, county clerk, and county treasurer, asking to have any tract or tracts of land described therein set off from a nonaccredited Class I, II, III, or VI district in which it is situated and attached to an accredited district in the county of the residence of the petitioner or an adjoining county thereto . . . .

The record in these cases, as stipulated to by the parties, establishes that the land sought to be transferred is presently located in an unaccredited Class I school district attended by the children living on the land. The facts as alleged would appear to be exactly as described in § 79-403(2), and we are simply unable

to see how any other conclusion can be reached.

Appellant argues that although the school district attended by the children living on the land sought to be transferred is an unaccredited Class I, the unaccredited Class I is a part of an accredited Class VI and the transfers must, therefore, be considered to be between accredited school districts pursuant to § 79-403(1). Again, we believe the Legislature contemplated this situation and reached a contrary conclusion. Section 79-403(2) further provides in part that "when such petition is for transfer of land from a Class I district which is part of a Class VI district, the petitioner shall be allowed to have such land attached to an adjoining accredited Class II, III, IV, or V district." The Class II, Class III, Class IV, and Class V school districts are all districts having both elementary and high school grades, but having varying populations. See Neb. Rev. Stat. § 79-102 (Reissue 1981). There appears to us to be no reasonable way in which to read the clear language of § 79-403(2) other than to conclude that where the Class I district is unaccredited and a part of a Class VI district which is accredited, the land is transferred from both the Class I district and the Class VI district to a Class II, III, IV, or V district pursuant to § 79-403(2). To hold otherwise would require us to interpret that which is unambiguous and which requires no interpretation, an act which we are not permitted to do. See, *Kellogg Company v. Herrington*, 216 Neb. 138, 343 N.W.2d 326 (1984); *Ragland v. Norris P. P. Dist.*, 208 Neb. 492, 304 N.W.2d 55 (1981). The freeholder board had jurisdiction to hear these matters and to transfer the land as it did. The action of the district court, therefore, was correct and must be affirmed.

AFFIRMED.