IN RE HOTOVY FREEHOLDER PETITION.
WILLIAM GREGURAS, APPELLANT, V. RAPHAEL HOTOVY ET AL.,
APPELLEES.
359 N.W.2d 357

Filed December 7, 1984.    No. 84-524.

Larry L. Brauer of Allan, Brauer & Mullally, for appellant.

Ivan A. Blevens of Blevens, Blevens & Jacobs, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This case is one more in a series of cases involving the transfer of land from one school district to another pursuant to the provisions of Neb. Rev. Stat. § 79-403 (Cum. Supp. 1984). In the instant case the landowners sought to have property allegedly located in an unaccredited Class I district transferred to an accredited Class III district. A petition was filed before the State Board of Education pursuant to the provisions of § 79-403(1). The State Board of Education approved the transfer, and the appellant, William Greguras, appealed the decision to the district court for Seward County, Nebraska. The landowners, whose property had been transferred, filed a motion to dismiss the appeal for lack of jurisdiction. That motion was sustained by the district court. Greguras has now appealed to this court. A number of issues are raised by Greguras, some of which we have already decided. See, *In re Covault Freeholder Petition, ante* p. 763, 359 N.W.2d 349 (1984); *In re Pelan Freeholder Petition, ante* p. 771, 359 N.W.2d 355 (1984). There is, however, one issue which is dispositive of the entire appeal and to which we now direct our attention.

It is undisputed that the State Board of Education voted to transfer the land at a meeting held on March 8, 1984, although the final memorandum prepared by the staff for the State Board of Education was not approved by the board until March

9, 1984. It is further undisputed that the appeal was not filed in the district court until March 29, 1984. If the time for taking the appeal commenced to run on March 8, 1984, when the vote was taken and recorded, rather than on March 9, 1984, when the formal order was approved, then more than 20 days expired between the "entry of such action on the records of the board" and the time the appeal was filed, contrary to § 79-403(2).

We have this day in *In re Covault Freeholder Petition, supra*, held that the time for appeal begins to run when the board votes to transfer the land, and not when the formal decision is approved. In light of this holding, it is clear that the time for appeal expired before the notice of appeal was filed, and the district court failed to acquire jurisdiction. The action of the district court in sustaining the motion to dismiss was correct.

Normally, such a finding by this court would end the matter before us. However, we note that the petition to transfer was filed with the State Board of Education pursuant to § 79-403(1). The petition alleges that the landowners seek to transfer land from an unaccredited Class I district to an accredited Class III district. It would appear that this transfer is of a type which must be filed under the provisions of § 79-403(2) with a freeholder board consisting of the county treasurer, the county clerk, and the county superintendent of schools, and not with the State Board of Education. The State Board of Education had no jurisdiction to transfer the land. See, *In re Covault Freeholder Petition, supra; In re Pelan Freeholder Petition, supra.*

Unfortunately, however, because the appeal in the instant case was not timely, the district court in the first instance and this court on further appeal may not consider this issue at this time. That issue will have to be decided in an appropriate case brought for that purpose.

The decision of the district court is affirmed.

AFFIRMED.

SHANAHAN, J., concurs in the result.