IN RE DEVENY FREEHOLDER PETITION.
GARY RASMUSSEN, APPELLANT, V. THOMAS D. DEVENY ET AL., APPELLEES.
IN RE FREDRICKS FREEHOLDER PETITION.
GARY RASMUSSEN, APPELLANT, V. DAVID G. FREDRICKS ET AL., APPELLEES.
IN RE ROSTVET FREEHOLDER PETITION.
GARY RASMUSSEN, APPELLANT, V. BERT A. ROSTVET ET AL., APPELLEES.
359 N.W.2d 773

Filed December 21, 1984.    Nos. 83-715, 83-716, 83-717.

Kelley Baker of Nelson & Harding, for appellant.

James B. Gessford of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The three cases jointly appealed involve petitions filed by three separate landowners seeking to have their land transferred from the Roseland school district, an accredited Class II school district, to the Adams-Central school district, an accredited Class VI school district, and to school district No. 53 of Adams County, a nonaccredited Class I school district, pursuant to the provisions of Neb. Rev. Stat. § 79-403(1) (Cum. Supp. 1984). The record discloses that on March 11, 1983, the State Board of Education voted to transfer the land as requested by the various freeholder petitions, and further voted to hold an emergency telephone conference call meeting on March 15, 1983, "for the purpose of approving memorandum opinions on the freeholder petition decisions." On March 15, 1983, the board members voted to approve the memorandum orders containing the board's findings of fact and conclusions of law. On April 4, 1983, appellant filed petitions for review in the district court for Adams County, Nebraska. This was more than 20 days after the State Board of Education voted on March 11, 1983, but not more than 20 days after the formal orders were approved. On August 17, 1983, the district court entered an order dismissing each of the petitions "for lack of jurisdiction."

All of these cases are controlled by our recent decision in *In re*

*Covault Freeholder Petition, ante* p. 763, 359 N.W.2d 349, (1984), and we must affirm the decision of the district court.

In *Covault, supra*, we held that the manner of taking appeals from actions of the State Board of Education, pursuant to § 79-403(1), must be in the same manner in which appeals from any action of the State Board of Education are taken to the district court. Further, we held that because the language of a specific statute takes precedence over the language of a general statute, the time in which the appeal is to be taken must be within 20 days as provided in § 79-403(1), rather than 30 days as provided in Neb. Rev. Stat. § 84-917 (Reissue 1981).

We also held in *Covault, supra*, that the time for taking an appeal from the action of the State Board of Education, pursuant to § 79-403(1), begins to run when the board, at a duly convened meeting at which minutes are required to be taken, votes to transfer the land, and not when it approves a formal memorandum. The time for taking the appeal, therefore, in each of these cases, as in the *Covault* case, started to run on March 11, 1983, when the board approved the request to transfer, and not on March 15, 1983, when the formal orders were approved.

In view of the fact that both the time and manner of taking an appeal are prescribed by statute, the State Board of Education may not promulgate rules contrary to the provisions of the statute. As we noted in *School Dist. No. 8 v. State Board of Education*, 176 Neb. 722, 733-34, 127 N.W.2d 458, 465 (1964): " 'If a statute lays down general standards, the administrative agency may implement the statute by filling in the necessary details. But where, as in the case here, the statute in itself prescribes the exact procedure the administrative agency may not add to or subtract from such a provision.' " Therefore, even if the State Board of Education were to determine that the time for taking appeals should be computed from some date other than the date upon which the board voted to approve the transfer, such rule would be invalid. The decision of the district court is affirmed.

AFFIRMED.