KIZZIER CHEVROLET COMPANY, INC., OF SCOTTSBLUFF,
NEBRASKA, APPELLANT, V. GENERAL MOTORS CORPORATION,
OLDSMOBILE DIVISION, ET AL., APPELLEES.

363 N.W.2d 167

Filed February 15, 1985.   No. 84-309.

Robert G. Simmons, Jr., of Wright, Simmons & Selzer, for appellant.

Stephen H. Nelsen of Cline, Williams, Wright, Johnson & Oldfather, for appellee General Motors.

Paul E. Hofmeister of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee Dalton Buick-Oldsmobile.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The plaintiff, Kizzier Chevrolet Company, Inc., of Scottsbluff, Nebraska, appeals from the order of the district court affirming the decision of the Nebraska Motor Vehicle Industry Licensing Board dated April 4, 1983, and dismissing the plaintiff's petition.

The plaintiff is an Oldsmobile dealer in Scottsbluff, Nebraska, which obtained its franchise by transfer from S & T Motors. The facts regarding that transaction are set out in *S & T Motors v. General Motors Corp.*, 203 Neb. 188, 277 N.W.2d 701 (1979). While the appeal in that case was pending, General Motors issued an Oldsmobile franchise to Dalton Buick of Scottsbluff, Nebraska.

On November 23, 1982, the plaintiff filed an application before the licensing board for an order terminating the

franchise of Dalton Buick-Oldsmobile-Pontiac-Cadillac, Inc. (formerly Dalton Buick), on the theory that the Dalton Buick franchise was an additional franchise and there had been no compliance with Neb. Rev. Stat. §§ 60-1422 and 60-1424 (Reissue 1984).

After an evidentiary hearing the licensing board dismissed the application, finding that an earlier application filed by the plaintiff had been denied on April 3, 1980, and that the Dalton Buick-Oldsmobile franchise was not a new or additional franchise. The order recited: "DATED at Lincoln, Lancaster County, Nebraska this 4th day of April, 1983." A certificate which appears in the record, and which was sworn to by the executive secretary of the board, recites that a copy of the order was mailed to the plaintiff on April 5, 1983. The record shows that the plaintiff received a copy of the order on April 6, 1983.

The plaintiff filed an appeal bond with the board on April 15, 1983, and a petition on appeal in the district court for Lancaster County, Nebraska, on April 27, 1983.

The trial court found that the appeal was out of time and that the issues presented were res judicata, and dismissed the petition. This appeal is from that order. The issues are (1) whether Kizzier timely perfected its appeal from the board's decision and (2) whether the issues before the board were res judicata.

Neb. Rev. Stat. § 60-1435 (Reissue 1984) provides: "Any party to a hearing before the board may take an appeal from any final order entered in such hearing in the manner provided for appeals in this act." As relevant here, Neb. Rev. Stat. § 60-1415 (Reissue 1984) sets forth the procedure for appeal as follows:

> The board shall state in writing, officially signed by the chairperson or vice-chairperson and the executive director, its findings and determination after such hearing and its order in the matter. . . . Should the applicant for a license or a license holder desire to appeal from the decision of the board, he or she shall, within ten days, file an appeal bond with the board in the sum of one thousand dollars and he or she shall, within thirty days after service on him or her of the final decision or order of the board,

file a petition in the district court in the county where such action was taken, which appeal shall be governed by the provisions of section 84-917.

The statutory requirement is that an appeal bond shall be filed "within ten days." The 10-day period from April 4, 1983, expired April 14, 1983. The plaintiff filed its appeal bond with the board on April 15, 1983, 1 day late.

The plaintiff cites a number of cases, including *Fritch v. Fritch*, 191 Neb. 29, 213 N.W.2d 445 (1973), for the proposition that a judgment is not rendered until the pronouncement has been noted on the trial docket. In *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976), we distinguished *Fritch* and that line of cases, which have interpreted a statute that pertains literally only to courts, from a situation involving an administrative agency. Citing *Brown v. City of Omaha*, 179 Neb. 224, 137 N.W.2d 814 (1965), which involved an appeal from the personnel board of the city of Omaha, this court held that a judgment or order is rendered "when the decision is announced upon the law and the facts, and that the transmittal of the order to the parties is not an integral part of the judicial act." 196 Neb. at 218, 241 N.W.2d at 840.

The plaintiff also contends that the time for filing the appeal bond should be computed from the date it received notice of the order. The plaintiff argues that this is mandated by Neb. Rev. Stat. § 84-915 (Reissue 1981), governing Nebraska administrative agencies, which provides in part: "Parties to the proceeding shall be notified of the decision and order in person or by mail."

We considered a similar issue in *In re Covault Freeholder Petition*, 218 Neb. 763, 359 N.W.2d 349 (1984). There, the statute in question provided that the time for taking an appeal began to run "after entry of such action on the records of the board." Neb. Rev. Stat. § 79-403(1) (Cum. Supp. 1984). On the other hand, the time for taking an appeal pursuant to the rules governing Nebraska administrative agencies began "after the service of the final decision by the agency." Neb. Rev. Stat. § 84-917 (Reissue 1981). This court said: "To suggest that the language of § 79-403(1) is the same as § 84-917 is to ignore the plain meaning of the words." 218 Neb. at 767, 359 N.W.2d at

353.

In this case § 60-1415 specifically provides that the time for filing an appeal bond is 10 days from the licensing board's decision, whereas the time for filing an appeal petition is 30 days from service of notice of the board's order. The requirement that the appeal bond be filed within 10 days was part of the original act. 1957 Neb. Laws, ch. 280, § 15, p. 1023. The requirement that the petition in the district court be filed within 30 days after service of the order was added by amendment in 1974. 1974 Neb. Laws, L.B. 754. To suggest that the time for filing an appeal bond commences at the same time as the filing of an appeal petition is to ignore the plain language of the statute. "Absent some violation of due process, the Legislature may prescribe the time in which an appeal must be taken, even if the procedure, on careful reflection, is foolish or contrary to other procedures provided." 218 Neb. at 767, 359 N.W.2d at 353.

The requirement of filing an appeal bond within the time prescribed is mandatory and essential to confer jurisdiction on the district court. *Brown v. City of Omaha, supra*. Where such requirement has not been met, it is proper for the district court to dismiss the action. *Gesman v. State*, 216 Neb. 126, 342 N.W.2d 196 (1984); *Black v. State*, 218 Neb. 572, 358 N.W.2d 181 (1984).

The failure of the appellant to timely perfect its appeal makes it unnecessary to consider the remaining issue.

The judgment of the district court is affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in the result.

GRANT, J., dissenting.

I respectfully dissent from the court's holding that appellant did not perfect its appeal from the Motor Vehicle Industry Licensing Board. Neb. Rev. Stat. § 60-1415 (Reissue 1984) sets out two requirements to perfect an appeal from the board. The statute states in part:

> Should the applicant for a license or a license holder desire to appeal from the decision of the board, he or she shall, within ten days, file an appeal bond with the board in the sum of one thousand dollars and he or she shall, within

thirty days after service on him or her of the final decision or order of the board, file a petition in the district court in the county where such action was taken, which appeal shall be governed by the provisions of section 84-917.

The statute clearly gives any appellant 30 days *after service* of the decision or order to file a petition on appeal, but, as the court now determines, gives that same applicant 10 days after the decision to file an appeal bond. By interpreting the statute to mean that the 10-day time period begins to run on the day the decision is rendered, the court, in effect, holds that the Legislature has set a trap for the unwary. If an affected party does not independently determine when the decision was rendered and file an appeal bond within 10 days after that date, that appellant is too late to appeal. In the instant case the board only delayed the order for 1 day before notifying the affected parties, and thus appellant missed its 10-day period by only 1 day. In another case the board might hold the decision 4 or 5 days, thus making compliance with the statute almost impossible—particularly for those located at any distance from the board's statutory location in Lincoln (Neb. Rev. Stat. § 60-1404 (Reissue 1984)). The situation approaches depriving an appellant of due process, but that question need not be reached if § 60-1415 be interpreted, as I think it must, to require that both the 10-day period and the 30-day period begin to run after service of the decision on those affected. This approach would comply fully with the requirements of Neb. Rev. Stat. § 84-915 (Reissue 1981) (requiring that parties be notified) and those set out in Neb. Rev. Stat. §§ 84-917 to 84-919 (Reissue 1981) (providing for administrative appeals). It would also follow this court's holding in a State Railway Commission case, *Denver Chicago Transp. Co., Inc. v. Poulson*, 172 Neb. 862, 864, 112 N.W.2d 410, 412 (1961), where we said, "The question presented is whether the time for appeal begins to run before the commission has notified the parties of its decision and order as required by the statute [§ 84-915]. We hold that it does not."

I would reverse and remand the case without determining the remainder of the issues because, as I view the case, the district court, after it dismissed the case for lack of jurisdiction, could not then dispose of the merits of the case.

SHANAHAN, J., joins in this dissent.