LINCOLN COUNTY SHERIFF'S OFFICE AND LINCOLN COUNTY, NEBRASKA, APPELLANTS, V. HELENE HORNE, APPELLEE.
381 N.W.2d 159

Filed February 7, 1986.   No. 85-449.

Charles A. Kandt, Lincoln County Attorney, for appellants.

Donald E. Rowlands II of Baskins & Rowlands, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The respondents, Lincoln County sheriff's office and Lincoln County, appealed to the district court from an order entered by the Nebraska Equal Opportunity Commission. The district court dismissed the appeal as having been filed out of time. We reverse and remand for further proceedings.

Helene Horne filed a complaint before the Nebraska Equal Opportunity Commission against the Lincoln County sheriff's office and Lincoln County, alleging employment

discrimination on account of sex. A hearing was had before a hearing examiner on June 13, 1984. The examiner prepared a recommended order and decision on November 12, 1984.

On March 8, 1985, the recommended order of November 12 was approved by the commission. The record does not disclose whether March 8 was a regular meeting of the commission, whether it was duly convened, whether parties or counsel were notified or present, and whether any action at that time was memorialized by minutes which were required to be kept.

The parties' stipulation of facts in the district court further provides that on March 11, 1985, office personnel began typing the "actions from the NEOC meeting," and on March 12, 1985, the " 'Final Order' in the Helene Horne matter was prepared, signature-stamped, and dated 'March 8, 1985' by the office personnel; and that said 'Final Order' was mailed that same day of March 12, 1985."

Neb. Rev. Stat. § 48-1120 (Reissue 1984) provides that "the time for appeal from such order of the commission to the district court shall be limited to thirty days from the *date of the entry of the order* to which complaint is made . . . ." (Emphasis supplied.)

Apparently relying on *In re Covault Freeholder Petition*, 218 Neb. 763, 359 N.W.2d 349 (1984), the district court ruled that the "order was entered" on March 8, 1985, and therefore the petition on appeal, having been filed with the clerk of the district court on April 9, 1985, was filed out of time.

However, there is a distinction between *Covault* and this case. In *Covault*, the statute provided that appeals may be taken from action of the State Board of Education "within twenty days after *entry of such action* on the records of the board." (Emphasis supplied.) Neb. Rev. Stat. § 79-403 (Cum. Supp. 1984). We held in *Covault* that the action was taken (approval of transfer of property from a school district) "on that date that the board, at a duly convened meeting at which minutes were required by statute to be taken, voted to authorize the transfers." 218 Neb. at 766, 359 N.W.2d at 353.

In the present case, although the order bore a date of March 8, the record leaves little doubt but that it was signed, filed, and "entered" on March 12. In announcing its decision the trial

court recited:

> [A] judgment is entered when it's announced from the bench and when the notes are made in the trial docket sheet. However, the trial docket sheets are supposed to be synonymous with the time that the judgment is announced from the bench. And then we note that sometime following that a document labeled "Journal Entry" or "Decree" is typed-up and it's dated as of the time that the action is announced from the bench and that the trial docket sheet is made. And often it's five days, or a week, or even two weeks, or a month that the judgment is actually taken. The date that counts is the one when the judgment is announced and the action taken and the trial docket sheet made-out.
>
> In this case, why, it appears to me that the judgment was taken on March the 8th, 1985, and, although the formal order was signed or was signature-stamped, according to the stipulation on March the 12th, 1985, the judgment was entered on March the 8th, 1985.

Of course, there is nothing in the record to indicate that a docket sheet is maintained by the Nebraska Equal Opportunity Commission which would serve as notice that an order or judgment had been entered. Applying the literal language of the trial court, it would be possible for the commission to delay the physical act of transmitting its decision by means of a written, signed document for 30 days, and thereby eliminate the possibility of an appeal. Such a result would be unthinkable and could not have been the intention of the Legislature.

The recitation by the trial court must have been based on Neb. Rev. Stat. § 25-1301 (Reissue 1979), which defines "rendition of a judgment" as the act of the court in pronouncing judgment accompanied by the making of a notation on the trial docket, whereas an "entry of a judgment" is the act of the clerk in spreading the proceedings had and the relief granted on the journal of the court.

For all the record shows, there were no minutes kept by the commission nor any trial docket or journal maintained. The only thing of record which evidenced the action of the commission was the written order which, no matter what date it

bore through the process of antedating, was not in existence until March 12.

We therefore hold that within the meaning of § 48-1120 there has been no "entry of the order" of the Nebraska Equal Opportunity Commission until the date that written evidence of that order has been prepared, authoritatively signed, and placed of record in the public files of such commission.

Under our holding in this case, the appeal was perfected within the time required by law, and the district court was incorrect in ordering its dismissal. The judgment is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.